

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7476

Re: Under the provisions of
Article 7061, Revised Civil
Statutes, will the out-of-
State collecting and commercial
agencies be assessed the gross
receipts tax as provided under
said Article. And a related
question.

You request in your letter of October 22, 1946, the opinion
of this department upon the two questions in your letter, based upon
the facts therein, which we quote as follows:

"Article 7061 R. C. S. provides as follows:
"'Each individual, company, corporation or associa-
tion, owning, operating, managing or controlling any
collecting agency, commercial agency or commercial re-
porting credit agency within this State, and charging
for collections made, or business done, or reports made,
shall make quarterly, on the first days of January, April,
July and October of each year, a report to the Comptroller
under oath of the individual or of the president, treasurer,
or superintendent of such company, corporation, or associa-
tion, showing from business done within this State the
gross amount received in the payment of charges for collec-
tions made and business done and reports made during the
quarter next preceding. Such individuals, companies, cor-
porations or associations at the time of making said report
shall pay to the Treasurer of this State an occupation tax
for the quarter beginning on said date equal to one-half of
one per cent of said gross receipts as shown by said report.'

"No. 1. Collecting or commercial agencies or individuals
who have offices outside of the State of Texas send agents
into Texas who make contracts with Texas merchants to collect
their delinquent accounts; the accounts and contracts are

Hon. Geo. H. Sheppard, page 2

sent to the home office (Chicago, Illinois) and from there they correspond with the party owing the account and make collections.

"No. 2. Agent for out of State concern comes into Texas, makes contract with merchants to collect delinquent accounts and he, as agent, personally contacts the individual and collects the accounts.

"Please tell me if the Gross Receipts Tax will apply to questions No. 1 and No. 2. Also, will operators under No. 1 and No. 2 be required to have a permit to do business in Texas?"

The question to be determined is whether or not the out of State company or agency mentioned in your request owns, operates, manages or controls a collection agency "within this State" under the facts submitted.

A definition of collection agency is found in McCarthy vs. Hughes, 36 R. I. 66, 88 Atl. 984, which reads as follows:

"'A collection agency is a concern whose business it is to collect all kinds of claims, as well as notes, drafts, and other negotiable instruments, on behalf of others, and to render an account of the same.'"

This definition was taken in that case from 6 Am. & Eng. Ency. of Law 209, published in 1898; and it is repeated as the definition of collection agency in 14 Corpus Juris Secundum 1324, published in 1939. This indicates that it has been accepted as the definition of collection agency for a period of forty-one years.

It is well settled in Texas that only foreign corporations which transact or solicit intra-State business in Texas are required to have a permit to do business in Texas. See Kimbell-Dreugh Pump Company vs. Judd, 88 S.W. 2nd 479; Malleable Iron Range Company vs. Ford, 141 S.W. 2nd 459; Caddell vs. J. R. Watkins Medical Company, 227 S.W. 226; Erwin vs. E. I. DuPont Nemours Powder Company, 156 S.W. 1097. Since the agent of the out of State agency under the facts in question No. 1 does not collect any claims or render an account for the same, but merely solicits contracts for the foreign agency, it is our opinion that the activities of said agent do not constitute a collection agency. Therefore, the collection agency outside of the State does not own, operate, manage or control a collection agency

Hon. Geo. H. Sheppard, page 3

"within this State" and would not be liable for the tax prescribed in Article 7061. It is our further opinion that the agencies or individuals under said facts are not required to have a permit to do business within the State since they are not transacting or soliciting intra-State business in Texas.

Under the facts in question No. 2, the Texas agent actually collects the accounts or claims for the merchants within this State. It is our opinion that said activities constitute a collection agency within this State under the definition above quoted. Therefore, you are advised that the foreign agency under the facts in question No. 2 would be liable for the tax prescribed by Article 7061. You are advised further that said agency would be required to have a permit to do business within this State as prescribed by Article 1529.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert
W. V. Geppert
Assistant

By John Reavos
John Reavos

JR:djm

APPROVED DEC 19, 1946

FIRST ASSISTANT
ATTORNEY GENERAL